NEW YORK STATE
**DEPARTMENT** *of*
FINANCIAL SERVICES

Andrew M. Cuomo  　　　　　　　　　　　　　　　　　　　　　　　　　Maria T. Vullo
Governor  　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Superintendent

July 27, 2017

**By ECF and Facsimile (212-805-7927)**

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

　　　　Re:　*Vullo v. Office of the Comptroller of the Currency, et al.,* 17-cv-5474 (NRB)

Dear Judge Buchwald:

　　　　I am co-counsel for Plaintiff Maria T. Vullo, acting in her capacity as Superintendent of the New York State Department of Financial Services ("the Department") in the above-captioned action.  Pursuant to Rule 2B of Your Honor's Individual Practices, we respectfully submit this letter in response to the July 25, 2017 Pre-Motion Conference letter filed by defendants the Office of the Comptroller of the Currency ("OCC") and Keith A. Noreika, Acting United States Comptroller (together, the "Defendants").  The Department also requests that the Court schedule a pre-motion conference at its earliest convenience to address Defendants' request to file a motion to dismiss, that seeks to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

　　　　**Procedural Background**:  The Department filed its Complaint for Declaratory and Injunctive Relief on May 12, 2017.  The Complaint challenges the decision of the OCC to grant special purpose national bank charters to a boundless class of undefined financial technology ("fintech") companies.  The OCC's actions are plainly unlawful because they well exceed its statutory authority and violate the Tenth Amendment of the U.S. Constitution.

　　　　The Department served the Complaint on the Defendants by certified mail on May 22, 2017.  On the same date, the Department served additional copies of the Complaint by certified mail on the Attorney General and the Acting United States Attorney for the Southern District of New York.  (Dkt. No. 13, Certificate of Service).  Pursuant to Fed. R. Civ. P. 4(i), 6(d) and 12(a)(2), Defendants were required to respond to the Complaint on July 24, 2017 (or on July 25, 2017 at the latest) -- 63 days after service was made.

　　　　However, on July 24, 2017, the day Defendants time to respond appears to have expired, counsel for Defendants first contacted the Department to inform us that Defendants intended to file a pre-motion conference letter in support of their intended motion to dismiss.  During a follow up discussion on July 25, 2017, we proposed the following schedule for Defendants' motion:

| | |
|---|---|
| Defendants' Opening Brief Due | August 18, 2017 |
| Plaintiff's Opposition Brief Due | September 22, 2017 |
| Defendants' Reply Brief Due | October 6, 2017. |

Counsel for the Defendants subsequently indicated that they would be seeking, over our objection, additional time – through late September – to file their motion to dismiss. Defendants filed their letter later on July 25, and offered three purported grounds for dismissal, none of which bear any merit.

The Court should also be informed that there is a case pending in the United States District Court for the District of Columbia, in which the Conference of State Banking Supervisors ("CSBS") has also challenged the authority of the OCC to issue the "fintech" charter. (*See CSBS v. OCC, et al.*, No. 1:17-cv-00763-JEB (D.D.C. filed April 26, 2017) (the "CSBS Action"). There, the Defendants (which are the same as here) must answer or move to dismiss the Complaint no later than tomorrow, July 28, 2017.

**The Defendants' Proposed Motion**: The Defendants seek to attack the Department's standing to bring this action. As will be established in our opposition to any such motion, the Department has more than ample standing to challenge the OCC's unlawful conduct, because Defendants' actions to date constitute final agency action under the Administrative Procedure Act; are not entitled to any deference because they clearly exceed the OCC's powers; and fully demonstrate that the people of New York shall be gravely injured by the award of these so-called "fintech" charters. Moreover, Superintendent Vullo's complaint challenges a final regulation appearing in the Code of Federal Regulations. Defendants cannot, in good faith, claim that this regulation is not a final rule subject to legal challenge. Furthermore, Defendants' attempt to argue the merits of the Tenth Amendment challenge asserted as Plaintiff's third cause of action is premature at this stage of the litigation and, in any event, without merit.

As noted above, the Department respectfully requests that a pre-motion conference be scheduled at the Court's earliest convenience and that a briefing schedule for Defendants' proposed motion be set in the immediate future. There are two reasons for this request. First, the Defendants' request for a pre-motion conference was filed the day after the Defendants' deadline for filing a motion to dismiss (or answer) appears to have expired. The Defendants therefore have already surpassed the generous time period allotted to agencies of the United States government to respond to a Complaint. The Defendants either should have their motion to dismiss in hand (in which case they should have no objection to a prompt briefing schedule) or they should have requested an adjournment prior to the time that a response to the Complaint had expired. Any attempt by Defendants to use the Court's pre-motion conference procedures to gain an unreasonable amount of additional time to file their motion is improper.

Second, the Defendants should not be permitted to use the Court's pre-motion conference procedures to delay the submission of their motion in this case, while the briefing in the CSBS Action is being completed. Allowing any attempt at maneuvering over briefing schedules would provide Defendants with a strategic advantage obtained by viewing arguments made in the CSBS Action, while also unnecessarily delaying this case. If Defendants are not soon prepared to file a motion to dismiss, they should simply answer our Complaint.

**Proposed Briefing Schedule**:  We continue to believe that the motion schedule proposed to the Defendants on July 25 is appropriate and provides more than sufficient time to file their motion in light of the time that has already passed since the filing of the Complaint in May.  We respectfully request that the court set the briefing schedule accordingly:

| | |
|---|---|
| Defendants' Opening Brief Due | August 18, 2017 |
| Plaintiff's Opposition Brief Due | September 22, 2017 |
| Defendants' Reply Brief Due | October 6, 2017 |

We are grateful for the Court's consideration of this matter, and will make ourselves available for a pre-motion conference at the Court's convenience.

Respectfully submitted,

/s/ Matthew L. Levine
Matthew L. Levine
Executive Deputy Superintendent for Enforcement
New York State Department
of Financial Services
One State Street
New York, NY  10004-1511
Office:  212-709-5461
Fax:  212-709-3520
matthew.levine@dfs.ny.gov

cc (by ECF and e-mail):
   AUSA Christopher Connolly